```
 1  SCHEER LAW GROUP, LLP
    SPENCER P. SCHEER #107750
 2  JOSHUA L. SCHEER #242722
    REILLY D. WILKINSON #250086
 3  JONATHAN SEIGEL #168224
    155 N. Redwood Drive, Suite 100
 4  San Rafael, CA  94903
    Telephone:  (415) 491-8900
 5  Facsimile:  (415) 491-8910
    A.335-071S
 6
    Attorneys for Lender
 7  SPRINGLEAF FINANCIAL SERVICES, INC.
```

## UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| In re: | Bk. No. 12-48704-MEH |
|---|---|
| MIGUEL RAMIREZ PIMENTEL and | R. S. No. RDW-580 |
| STACEY ETTA PIMENTEL aka STACEY | Chapter 13 |
| ETTA SCOTT PIMENTEL | MOTION FOR RELIEF FROM AUTOMATIC STAY |
| Debtors, | Hearing-<br>Date: June 27, 2013<br>Time: 1:00 p.m.<br>Place: Bankruptcy Court<br>1300 Clay Street, Court Room 215<br>Oakland, CA |

SPRINGLEAF FINANCIAL SERVICES, INC., its assignees and/or successors, moves the Court for relief from the Automatic Stay provided by 11 U.S.C. § 362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party so that moving party may take all steps necessary under State law to take possession of personal property described as a **2005 Mitsubishi Outlander VIN JA4LX81F45UO28212,** ("Vehicle") and which is more particularly described in the Certificate of Title attached to the Declaration of RONALD NORDYKE, and to thereafter sell or dispose of the Vehicle.

In addition, and if applicable, Lender will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), so that Lender may proceed with its rights under State law without the applicable waiting period specified therein.

This motion is brought pursuant to 11 U.S.C. § 362(d)(1) for "cause" and due to the failure of Debtors to make required payments as set forth in the attached Declaration of RONALD NORDYKE.

1. Debtors have failed to make required payments to the Chapter 13 Trustee.

In addition, Lender seeks relief pursuant to 11 U.S.C. § 362(d)(2) and alleges that in accordance with the information set forth in the attached Declaration of RONALD NORDYKE, and due to the Debtors' failure to make required payments, that Debtors do not have any realistic hope for a reorganization, and that there is insufficient equity present in the subject personal property to justify the continuance of the Automatic Stay. The retail value of the Vehicle is $4,600.00 and the amount owing on the subject loan is $7,571.45.

In addition, this motion will seek an order requiring that Debtors cooperate and turn over the Vehicle to Lender, or make the Vehicle available to Lender for repossession and return.

In addition, and in the event that the Court continues the Automatic Stay, Lender will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§ 361 and 362, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments, and provide proof that the subject property is covered by insurance.

Furthermore, Lender will also seek attorneys' fees and costs incurred in bringing the Motion. Lender requests such fees pursuant to the Note securing Lender's claim or pursuant to 11 U.S.C. Section 506(b). In addition, Lender requests such further relief as is just.

This Motion shall be based on these moving papers, as well as the attached Declaration of RONALD NORDYKE. This motion concerns personal property described as a **2005 Mitsubishi Outlander VIN JA4LX81F45UO28212** (the "Vehicle").

In the event neither the Debtors nor Debtors' counsel appears at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to take

possession of and sell the Debtors' property described as a **2005 Mitsubishi Outlander VIN JA4LX81F45UO28212** (the "Vehicle"), without further hearing or may issue an order conditioning the continuance of the Automatic Stay.

WHEREFORE, Lender prays for judgment as follows:

1. For an order granting relief from the Automatic Stay, permitting Lender to take all steps necessary under State or Federal law to repossess and sell the Vehicle and apply the proceeds from the sale to Debtors' loan balance.
2. For an order regarding adequate protection of Lender's interest as this Court deems proper.
3. For attorneys' fees and costs for suit incurred herein.
4. For an order waiving the 14-day stay described in Bankruptcy Rule 4001(a)(3).
5. For such relief as this Court deems appropriate.

SCHEER LAW GROUP, LLP

DATED: June 13, 2013         /s/ Reilly D. Wilkinson
                             #250086